ALBANY,<br>August, 1821.

FOSTER<br>v.<br>RHOADS.

Judgment for the plaintiffs.

---

FOSTER, Supervisor of the TOWN OF JAMAICA, <em>against</em><br>RHOADS.

IN ERROR, to the Court of Common Pleas of the county of *Queens.* *Foster,* as *supervisor* of the town of *Jamaica,* brought an action of debt in the Court below against *Rhoads,* to recover the penalty of twelve dollars and fifty cents, for cutting sedge on the common lands of the town of *Jamaica,* contrary to a by-law made by the freeholders and inhabitants of that town. By the " Act relative to the duties and privileges of towns," (2 *N. R. L.* 125. sess. 36. ch. 25. s. 12.) the freeholders and inhabitants of each town are authorised, at their respective annual or other town meeting held for that purpose, " to make such prudential rules and regulations as a majority of the freeholders and inhabitants, &c. shall judge necessary and convenient for the better improving of their common lands and meadows,

The 12th section of the act "relative to the duties and privileges of towns," (sess. 36. ch. 25. 2 *N. R. L.* 125 ) does not authorise a town to impose a penalty on a stranger, or person having no right, for cutting grass on the salt meadows or common lands of the town, contrary to a by-law made by the town-meeting, for that purpose; but the town must resort to the common law remedy, to recover damages for the alleged trespass.

*It seems,* that the *salt meadows,* &c. in the bay of *Jamaica,* are part of the *common lands* belonging to the town, and not the soil and freehold of the freeholders and inhabitants of the town, as *tenants in common.*

and other commons, &c. &c. : and to impose such penalties on the offenders against such rules and regulations, or any of them, as the majority of such freeholders and inhabitants, &c. shall, from time to time, deem proper, not exceeding twelve dollars and fifty cents for each offence, to be recovered, with costs of suit, by the supervisor of the town where the offence shall be committed, &c. for the use of the same town, by action of debt, &c.

It appeared that the freeholders and inhabitants of the town of *J.* at a regular town-meeting, assembled pursuant to public notice, on the 2d of *September*, 1816, for the purpose of considering the importance of preserving the sedge on the meadows of the town, made a by-law, ordaining and declaring " that no person residing without the town of *Jamaica*, shall cut any sedge-grass growing on the marshes in the bay, belonging to the said town, under the penalty of twelve dollars and fifty cents for each offence ; and that no person or persons residing without the town of *Jamaica* shall take or carry away any sedge, grass, or hay, which shall be cut on the marshes in the bay, belonging to the said town, under the penalty of twelve dollars and fifty cents for each offence."

The defendant pleaded that the *locus in quo* is the soil and freehold of the freeholders and inhabitants of the town of *Jamaica*, as *tenants in common ;* and that he being one of the freeholders of the town, entered the close, and cut and carried away the grass, as it was lawful for him, and he had a right to do, &c. The plaintiff replied, that the *locus in quo*, &c. was " part of the *common lands belonging to the town of Jamaica*, and not the soil and freehold of the freeholders and inhabitants of the said town of *J.*, as tenants in common," &c.; and issue being joined to the country, a venire was issued, and the cause tried by a jury, who found a verdict for the defendant, and that the *locus in quo*, &c. was the soil and freehold of the freeholders and inhabitants of the town of *J.* as *tenants in common*, &c. on which the Court below gave judgment. At the trial, it was proved that the defendant was an inhabitant of the town of *Flushing*. The defendant gave in evidence a deed of conveyance to him, in fee simple, of a lot of salt meadow lying in the town

of *Jamaica*; and a patent of confirmation, dated *May* 17, 1686, from Lieutenant Governor *Dongan*, to the freeholders and inhabitants of the town of *Jamaica*, and their heirs, successors, and assigns, of all the tract of land called *Jamaica*, &c. The defendant also proved, that he had been rated and paid taxes to the town of *Jamaica*, for the piece of salt meadow owned by him in that town; and that it had been the practice for twenty years past, for the inhabitants of other towns, not freeholders of *Jamaica*, to cut grass on the salt marshes or meadows belonging to the town. The plaintiff's counsel objected to the evidence, as incompetent in support of the issue; but the Court overruled the objection, and declared their opinion to the jury, that the evidence was competent to justify the defendant, and to bar the plaintiff's action. The plaintiff's counsel tendered a bill of exceptions to the opinion of the Court, on which a writ of error was brought, returnable in this Court.

*M·Coun*, for the plaintiff in error.

*O. Edwards*, contra.

*Per Curiam.* We think the Court below, according to the bill of exceptions, erred; but we are clearly of opinion, on the whole record, that the defendant is entitled to judgment. The act relative to the duties and privileges of towns (sess. 36. ch. 25. s. 12.) does not authorise a penalty to be imposed by the town on any person, as a *trespasser*. The powers there given extend only to regulations for the enjoyment of their common lands, as between those who have a right to enjoy them, as commons. Here the declaration charges the defendant to be a *trespasser*; and the town meeting have voted a penalty against a stranger, (having no right, as they say,) for trespassing on their land. This cannot be the true construction of the statute. The legislature never intended to delegate to any persons or body corporate the power of imposing penalties for injuries to their own lands by trespassers. If this be a trespass, the town must pursue the common law remedy for damages. The judgment of the Court below must, therefore, be affirmed.

Judgment affirmed.